UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:92-cr-31-T-23TGW
8:05-cv-950-T-23TGW

QUINTON HOUSTON
_____/

**O R D E R**

Houston's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his enhanced sentence for drug violations. Houston cannot proceed with this challenge because he does not have permission from the Eleventh Circuit Court of Appeals.

Houston previously challenged the validity of his enhanced sentence in a motion to vacate pursuant to 28 U.S.C. § 2255. *Quinton Houston v. United States*, 8:96-cv-494-T-23TGW (Doc. 88). Houston's motion was denied (Doc. 93), and the appeal was dismissed for lack of prosecution (Doc. 115). Houston filed a second motion to vacate sentence, *Quinton Houston v. United States*, 8:97-cv-289-T-23TGW (Doc. 100), and that action was dismissed as successive (Doc. 119). Houston did not appeal the dismissal. Houston requested leave to file a second or successive motion to vacate, which was denied by the Eleventh Circuit Court of Appeals (Doc. 121).

A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is

properly denied without a response from the United States.  28 U.S.C. § 2255.  *See also United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'") (citation omitted); *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (affirming district court's summary dismissal of § 2255 motion "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").  Houston's motion is without merit.

Houston cannot pursue a second or successive motion to vacate sentence absent permission from the Circuit Court. This new action is a second or successive action subject to specific restrictions.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

28 U.S.C. § 2255. Houston has not shown that he has obtained permission from the Eleventh Circuit to file the instant petition.

Additionally, Houston's motion is meritless because the recent decision upon which he relies, *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005), does not apply to cases on collateral review. *See In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005) ("Regardless of whether *Booker* established a 'new rule of constitutional law' within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review.").

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**. The clerk shall enter a judgment against Houston and **CLOSE** this action.

ORDERED in Tampa, Florida, on June 12, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro